UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN E. LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-149-B-W |
| | ) |
| OFFICER FLORENCE HARRELSON, et al., | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDED DECISION ON UNOPPOSED MOTIONS[1]
### TO DISMISS/ FOR SUMMARY JUDMENT (Docket Nos. 31 & 35) and
### MOTION FOR SUMMARY JUDGMENT (Docket No. 32)

Glen Lawson filed a federal civil rights lawsuit on September 28, 2007, pursuant to 42 U.S.C. § 1983 in which he alleges that the defendants violated his civil rights. His statement of claim is as follows:

> "Officer Florence Harrelson try to hire a prisoner to assault or due bodily harm and Sgt. Joel Parsons and Sgt. Duagay and Unit Manager Dwight Fowle's co-sighned Officer Harrelson's wrong doings."

> "Monetary damage's because of the threat on my life and the emotional stress because of the officer's actions."

(Compl., Doc. No. 1) There are two dispositive motions pending: a motion to dismiss or, in the alternative, a motion for summary judgment filed by Defendant Florence Harrelson

---

[1] Lawson has been a most inattentive litigant. After filing this case almost a year ago, he was apparently transferred to the DownEast Correctional Facility in Machiasport. Then in March 2008 we received a letter from Lawson indicating he was due to be released and providing the court with a Lewiston address. Mail sent to that address was returned as undeliverable. In July, as the close of discovery approached, the defendants requested a telephonic discovery conference. I set up a hearing and again attempted to notify Lawson at the address provided. The mail was not returned but Lawson did not appear for the hearing or call the court to explain his absence. Then on August 4, 2008, four days after the scheduled hearing, we received a letter from Lawson explaining that he had been in the Androscoggin Jail since April 12, 2008, and had been unable "to respond to the court's correspondence." The return address carried an Auburn, Maine street address. I instructed the clerk to send Lawson a copy of the public docket sheet which showed the pending motions, with response dates of August 12, 2008. We have heard nothing further from Lawson.

(Doc. Nos. 31 & 35) and a motion for summary judgment filed by Defendants Dugay, Parsons, and Fowles (Doc. No. 32). Lawson has filed nothing in defense of these motions. Treating the Harrelson motion as one for summary judgment, I recommend that the court grant both motions.

## *Discussion*
### *Summary Judgment Standard*

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting Federal Rule of Civil Procedure 56(c)). I draw all reasonable inferences in favor of Lawson but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." Id. (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Lawson has not presented any evidence (or argument) in defense of the motion for summary judgment. However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002).

*Undisputed Material Facts*

Relying upon the unopposed statements of material fact submitted separately by Harrelson and the other Corrections Department defendants, the following story unfolds. On May 23, 2007, Dwight Fowles, the Unit Manager on the Close Unit, which includes the C Pod, received a grievance from Glen Lawson about an incident on May 18, 2007. Lawson alleged in his grievance that on May 18, 2007, Officer Florence Harrelson had asked another prisoner to assault him (Lawson) or do him bodily harm. This was the first time Fowles had heard about this incident. Unit manager Fowles spoke to the prisoner who allegedly had been asked to assault Mr. Larson for Officer Harrelson and asked what had happened, and he stated that he did not believe the comment was made jokingly, but that he had decided to "stay out of it." After speaking to that prisoner, Fowles asked that the incident be turned over to investigator Scheid for further investigation. Further, Fowles instructed Sergeants Parsons and Dugay, who both worked on the Close Unit, not to assign Officer Harrelson to the C Pod because she was under investigation.

Harrelson, who is represented by separate private counsel, not an assistant attorney general, provides the following additional information. During the period of time relevant to this lawsuit, Harrelson worked in the "C-Pod" of the Close Unit where Glen Lawson was housed as an inmate at the Maine State Prison. Harrelson's recollection is that when she met Lawson, he did not have an assigned job within C-Pod. Prisoners wish to have a job assigned on C-Pod because this will allow the prisoner additional good time and also provides to the prisoner additional time out of his cell. Harrelson did not assign Lawson to a particular job he wanted and as a result she felt Lawson was being intentionally irritating or aggravating toward her. Harrelson became frazzled and annoyed with him. One day Inmate Belinsky came up to Harrelson and said "what's the Problem."

Harrelson responded to Inmate Belinsky with "He's my problem" at which time she pointed at Lawson.  Harrelson does not recall saying anything else to Inmate Belinsky, but she says if she did say anything else to Inmate Belinsky, it was not done with the intention of causing any harm to Lawson.  Lawson was never physically harmed in any manner by Inmate Belinsky.

Lawson's complaint implicates both the Eighth Amendment failure to protect/deliberate indifference Farmer v. Brennan, 511 U.S. 825 (1994) standard and the Hudson v. McMillian, 503 U.S. 1 (1992) cruel and unusual punishment prohibition.  As to the claims against Dugay, Parsons, and Fowles it is so patently apparent that there are no **facts** to support a judgment against them that it simply does not merit further discussion.  Defendant Harrelson is in a slightly different posture.  However, as her counsel points out, even if Lawson had managed to put some facts in play suggesting that Harrelson had actually said something to an inmate that was inappropriate, the Prisoner Litigation Reform Act (PLRA) requires a "a prior showing of physical injury" before a prisoner can recover monetary damages for emotional injuries.  42 U.S.C. § 1997e(e).  There was no physical injury in this case and Harrelson would be entitled to judgment on that portion of the complaint in any event.

The foreclosure of compensatory damages vis-à-vis § 1997e(e) does not ineluctably lead to the conclusion that the plaintiff cannot be awarded nominal and punitive damages. Though the First Circuit has not joined the issue, at least four other Courts of Appeal have concluded that § 1997e(e) does not foreclose nominal and punitive damages. See Oliver v. Keller, 289 F.3d 623, 629-30 (9th Cir. 2002) (concluding that § 1997e(e) did not bar claim for nominal and/or punitives in the case before it, liberally

construing a pro se complaint as seeking nominal damages as well as the punitive expressly sought); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (collecting cases and concluding with "the majority" position that § 1997e(e) does not limit the availability of nominal or punitive damages for the violation of a constitutional right); Doe v. Delie, 257 F.3d 309, 314 n.3 (3d Cir. 2001) ("[Section] 1997e(e) does not bar claims seeking nominal damages to vindicate constitutional rights, nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights."); Searles v. Van Bebber, 251 F.3d 869, 880-81 (10th Cir. 2001) (concluding that "Congress simply did not choose to provide a restriction on punitive damages"). However the summary judgment record as presently constituted does not support a case against Harrelson for such damages in any event.

Even the allegations of the complaint amount to no more than an isolated incident of an inappropriate comment. The threatening words of a prison guard, without more, do not invade a federally protected right and verbal threats and name calling are usually not actionable under § 1983. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); see also Doe v. Magnusson, Civ. No. 04-130-B-W, 2005 WL 758454, 15 (D. Me. Mar, 21, 2005) ("As a general rule threats and harassment alone, even when they come directly from the mouth of a correctional officer, will not constitute cruel and unusual punishment under Farmer.") (collecting cases) (recommended decision), aff'd, 2005 WL 859272 (D. Me. Apr. 14, 2005). Harrelson is entitled to judgment as a matter of law.

## Conclusion

Based upon the foregoing I recommend the court grant summary judgment to the defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 29, 2008