UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN E. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-07-149-B-W |
| | ) | |
| OFFICER FLORENCE HARRELSON, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON OBJECTION TO ORDER AFFIRMING RECOMMENDED DECISION**

On September 28, 2007, Glen Lawson, then an inmate at the Maine State Prison, filed a complaint against a number of prison guards, alleging that they participated in an attempt to hire an inmate to assault him. *Compl.* (Docket # 1). On July 21–23, 2008, the Defendants filed dispositive motions and supporting documents. *See Def. Harrelson's Mot. to Dismiss and Mot. for Summ. J.* (Docket #'s 31, 35); *Mot. for Summ. J.* (Docket # 32). Mr. Lawson did not respond and on August 29, 2008 the magistrate judge issued a Recommended Decision in which she recommended that the Court grant the Defendants' motions. *Recommended Decision on Unopposed Mots. to Dismiss / for Summ. J. (Docket Nos. 31 and 35) and Mot. for Summ. J. (Docket No. 32)* (Docket # 40) (*Rec. Dec.*). Mr. Lawson failed to object and on September 19, 2008 the Court affirmed the Recommended Decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 41). On September 22, 2008, Judgment was entered in favor of the Defendants and against the Plaintiff. *J.* (Docket # 42).

On September 23, 2008, Mr. Lawson filed what could be variously characterized as a late objection to the Recommended Decision, a late objection to the Court's affirmance of the Recommended Decision, or a post-judgment motion for relief. *Letter Obj. to Report and*

*Recommended Decision* (Docket # 43). In the letter, Mr. Lawson explains that the reason he has been unable to "show[] any proof" is that he has "been detained for most of the court proceedings." *Id.* at 1. He asserts that he does have witnesses and paperwork "to back the allegations that I've made." *Id.* Under any view of the objection, it lacks merit.

Mr. Lawson's objection to the Recommended Decision is untimely. On August 4, 2008, Mr. Lawson notified the Court of a change of address. *Notice of Change of Address* (Docket # 37). On the same day, the Court sent to Mr. Lawson's new address a copy of the docket sheet, which confirmed that dispositive motions were pending. The magistrate judge waited until August 29, 2008 to issue her Recommended Decision during which time Mr. Lawson failed to respond. Further, the court docket reflects that the Recommended Decision was sent to Mr. Lawson's new address on August 29, 2008, informing him that he had ten days to file an objection. *Rec. Dec.* at 6. He failed to file any objection within this ten-day interval, and his objection letter was not filed until September 23, 2008, after Judgment had been entered. This pattern confirms the magistrate judge's view that Mr. Lawson "has been a most inattentive litigant." *Rec. Dec.* at 1 n.1.

Mr. Lawson's inattentiveness is itself a sufficient ground to reject his late objection to the Recommended Decision. Further, even if Mr. Lawson's objection were considered, it adds nothing. He assures the Court only that he has proof to support his allegations, but fails to provide that proof. The magistrate judge drew "all reasonable inferences" in favor of Mr. Lawson and scrutinized the Defendants' pleadings to determine whether there existed a genuine issue of material fact and whether the Defendants were entitled to judgment as a matter of law. *Rec. Dec.* at 2. Mr. Lawson's belated assurances do not alter the force of the magistrate judge's reasoning, which compels summary judgment in favor of the Defendants.

Finally, the late objection could be construed as a timely post-judgment motion for reconsideration under Rule 59(e).[1]  *See* Fed. R. Civ. P. 59(e).  "Irrespective of how a party titles his motion, 'a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).'"  *Global NAPs, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 14 n.3 (1st Cir. 1997)).  If so, the motion fails under those standards as well.

> [T]he general rule for motions for reconsideration under [Rule] 59(e) is that the moving party must either clearly establish a manifest error of law or must present newly discovered evidence.  A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Marks 3 Zet-Ernst Marks GmbH & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006) (citation and internal quotations omitted).  Mr. Lawson points to no new material evidence, nor a manifest error of law or fact.

The Court STRIKES Defendant's Objection to the Recommended Decision (Docket # 43) as untimely, AFFIRMS its Order Affirming Recommended Decision (Docket # 41), and DENIES the Plaintiff's motion for post-judgment relief (Docket # 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2008

---

[1] Mr. Lawson's letter could also be construed as a motion under Rule 60, but under any analysis, the result is the same.  *See* Fed. R. Civ. P. 60.